**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**HAWKEYE–SECURITY INSURANCE COMPANY, Defendant.**

Civ. No. 5307.

United States District Court
D. Colorado.

Jan. 27, 1958.

Yegge, Bates, Hall & Shulenburg, and James L. Treece, Denver, Colo., for plaintiff.

Wormwood, O'Dell & Wolvington, and Forrest C. O'Dell, Denver, Colo., for defendant.

ARRAJ, District Judge.

The above action was instituted by plaintiff to recover from the defendant the amount paid by plaintiff on a judgment rendered against the Northern Utilities Company, together with interest thereon from the date of payment. Northern Utilities Company carried lia-bility insurance with the defendant in the amount of $10,000 and it carried indemnity insurance with the plaintiff for the excess over that amount for which the insured might become liable. A judgment was obtained in a Wyoming State Court against the insured in excess of defendant's liability and plaintiff was obligated to pay the excess; plaintiff now seeks to recover from defendant claiming a breach of contract on the part of defendant with the insured and bad faith in failing to settle the original claim against the insured. At the Pre-Trial Conference the Court had found that inasmuch as plaintiff had fully indemnified the insured for all claims now asserted plaintiff was the real party in interest and was subrogated to the claims of the insured against the defendant. Jurisdiction is founded on diversity of citizenship.

The case was tried before the Court without a jury, and in compliance with Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., I find the facts specifically and state my conclusions of law thereon, in the above case as follows:

### Findings of Fact.

1. That the defendant entered into a contract of liability insurance with Northern Utilities Company on November 15, 1949, which contract was in full force and effect on November 7, 1950, when Northern Utilities Company was guilty of negligence which caused a fire on that date at the Rafferty Mill & Fixture Company in Casper, Wyoming.

2. That the limitation of coverage under Insuring Agreement I of said contract for damage done to property was $10,000.

3. That the defendant immediately undertook, pursuant to Insuring Agreement II of said contract, to investigate on behalf of its insured, Northern Utilities Company, the fire and resulting damage to Harry C. Rafferty, and hired for that purpose the law firm of Murane & Bostwick, of Casper, Wyoming.

4. That on November 28, 1952, a suit was commenced by Harry C. Rafferty

against Northern Utilities Company in the District Court for Natrona County, State of Wyoming, in which Rafferty claimed damages to property in excess of $23,000, resulting from the negligence of Northern Utilities Company, and that said case proceeded to trial on about May 27, 1953.

5. That before suit was filed and continuing until the trial of the said case, the defendant had opportunities to enter into a compromise settlement of the claims of Rafferty for a sum of less than $9,000.

6. That the defendant after suit was instituted against its assured, Northern Utilities Company, hired the firm of Murane & Bostwick to defend the suit of Rafferty against its assured, Northern Utilities Company, and pursuant to the said contract of insurance the defendant thereafter controlled that litigation.

7. That the defendant offered Rafferty $750 prior to the trial of the case in compromise settlement, which offer was refused by Rafferty.

8. That the defendant failed to follow the advice of its counsel, Mr. Murane, that the settlement offer of Rafferty in the approximate amount of $9,000 be accepted by the defendant, which advice if followed would have saved the defendant's insured, Northern Utilities Company, harmless from loss.

9. That the defendant proceeded to trial in reliance upon the opinion of Mr. Murane that no specific acts of negligence on the part of Northern Utilities Company could be proved by Rafferty, and his opinion that the doctrine of res ipsa loquitur was not applicable to the case.

10. That at the trial of the case of Rafferty v. Northern Utilities Company no evidence was offered by Rafferty of specific acts of negligence on the part of Northern Utilities Company, but the trial judge applied the doctrine of res ipsa loquitur to the case and overruled on this basis the motions made by Mr. Murane for dismissal and for a directed verdict in favor of Northern Utilities Company,

and submitted the case to a jury on the doctrine of res ipsa loquitur.

11. That the defendant knew prior to the trial that if the case of Rafferty v. Northern Utilities Company were submitted to a jury that an adverse verdict would very likely result.

12. That the jury in the case of Rafferty v. Northern Utilities Company returned a verdict in favor of Rafferty and against Northern Utilities Company in the amount of $22,636.86, on which verdict judgment entered on June 6, 1953, together with $54.40 court costs.

13. That if the doctrine of res ipsa loquitur was not properly applied in the case of Rafferty v. Northern Utilities Company by the trial judge, a successful appeal by Northern Utilities Company would have resulted in a reversal and dismissal of the Rafferty case.

14. That the defendant's trial counsel, Mr. Murane, was an experienced and competent attorney in both trial and appellate practice and had peculiar qualifications for taking an appeal of the case of Rafferty v. Northern Utilities Company, since he had had on appeal to the Wyoming Supreme Court other cases involving the doctrine of res ipsa loquitur.

15. That Mr. Murane recommended to the defendant that an appeal be taken. In so doing, he did not rely on decisions regarding the doctrine of res ipsa loquitur in other jurisdictions, but relied on the holdings of the Supreme Court of Wyoming in other cases involving the doctrine of res ipsa loquitur.

16. That nothing occurred at the trial of the case of Rafferty v. Northern Utilities Company to change the opinion of Mr. Murane that the doctrine of res ipsa loquitur was not applicable to the case, but his opinion remained that the factual situation that existed in the Rafferty case prevented the application of the doctrine of res ipsa loquitur.

17. That the defendant did not make a settlement with Rafferty when the opportunities for doing so within the policy limits existed prior to trial, and pro-

ceeded to trial primarily to contest the applicability of the doctrine of res ipsa loquitur to the case of Rafferty v. Northern Utilities Company.

18. That the defendant after an adverse verdict in excess of the policy limits refused to take an appeal to the Supreme Court of Wyoming unless the expenses and costs of the appeal were pro-rated by the assured in accordance with the exposure of the parties; and when the assured refused to pro-rate these costs and expenses except under protest, the defendant refused to appeal though requested by its insured to do so.

19. That the assured, Northern Utilities Company, expended on March 10, 1955, $1,343.56 in attorneys' fees and expenses, $231.60 for reporter's transcript, $2,603.19 in interest on the entire judgment pending appeal, and paid in addition lower court costs of $54.40 in taking an unsuccessful appeal of the case to the Wyoming Supreme Court.

20. That the plaintiff had a contract of indemnity-type excess insurance with the Northern Utilities Company and pursuant to said contract the plaintiff indemnified the Northern Utilities Company for the excess judgment and the attorneys' fees, reporter's transcript costs, interest, and lower court costs which had been paid by Northern Utilities Company. The said judgment was affirmed by the Wyoming Supreme Court on January 6, 1955. Rafferty v. Northern Utilities Co., 73 Wyo. 287, 278 P.2d 605..

21. That the defendant did not pay, tender or deposit in court such part of the judgment obtained by Rafferty against Northern Utilities Company as did not exceed the limit of the company's liability thereon until February 26, 1955.

### Conclusions of Law.

1. That having followed its trial counsel's advice that the doctrine of res ipsa loquitur was not applicable to the case of Rafferty v. Northern Utilities Company and on that basis having refused to avail itself of the opportunities for settlement within its policy limits, and thereafter having proceeded to a trial which resulted in a judgment against its insured, Northern Utilities Company, which was $12,636.86 in excess of the policy limits, the defendant was obliged to follow the advice of its trial counsel and contest the applicability of the doctrine of res ipsa loquitur to the case on appeal.

2. That the defendant's failure to appeal the case of Rafferty v. Northern Utilities Company, or its failure to settle the case, or its failure to pay, tender, or deposit its policy limits in court until February 26, 1955, was a breach by the defendant of Insuring Contract rendering the defendant liable to the plaintiff.

3. That the defendant's failure to take an appeal of the case of Rafferty v. Northern Utilities Company was a violation of its legal duty to its insured, Northern Utilities Company, and the plaintiff under the circumstances.

4. That the defendant waived, by its breach of contract and the breach of its legal duty as aforesaid, all clauses of the contract which prohibited the assured from incurring expense or acting independently of the defendant.

5. That there were good grounds for reversal of the judgment in the case of Rafferty v. Northern Utilities Company on appeal, and validity of such grounds must be tested as of the time the appeal was being considered and not by a hindsight rule.

6. That the defendant disregarded the interests of its insured, Northern Utilities Company, and of the plaintiff in failing to take an appeal of the judgment in the case of Rafferty v. Northern Utilities Company, and acted only in its own interest in refusing to appeal.

7. That the defendant was not guilty of negligence or bad faith in refusing to settle the Rafferty claim against its insured when prior to trial opportunities existed for such settlement within the policy limits.

8. That the defendant's refusal to appeal the judgment in the case of Rafferty v. Northern Utilities Company was in-

consistent with its declaration prior to trial of that case that the doctrine of res ipsa loquitur was inapplicable and that the case was thus defensible.

9. That the plaintiff is subrogated to the rights of the assured, Northern Utilities Company, to the extent necessary for the recovery of a judgment herein.

10. That the defendant breached its contract of Insurance with its insured in failing to take an appeal of the case of Rafferty v. Northern Utilities Company.

11. That the defendant was obligated by its contract to pay the interest on $10,000 of the judgment which accrued after June 6, 1953, and until February 26, 1955, when the defendant deposited in court its policy limits, and the defendant breached its contract in this regard, rendering it liable to the plaintiff, regardless of any other breach of the contract, and regardless of any other breach of its legal duty to its insured.

12. That the plaintiff is not entitled to recover the principal of the excess judgment for which it indemnified Northern Utilities Company from the defendant.

13. That the plaintiff is entitled to recover from the defendant the following costs and expenses of the appeal taken by the Northern Utilities Company: Attorneys' fees and expenses, $1,343.56; cost of reporter's transcript, $231.60; lower court costs, $54.40; and interest on $10,000 (policy limits), $1,149.93, totaling $2,779.49; and is entitled to recover interest on the total of $2,779.49 at the rate of 7% from the date this sum was paid by Northern Utilities Company, March 10, 1955, to the date of this judgment, January 27, 1958, in the amount of $576.61, for a total recovery of $3,356.10; and the plaintiff is further entitled to recover its costs.

14. That while the total interest paid after entry of judgment on June 6, 1953, and until February 26, 1955, was $2,603.19, this represented the interest which accrued on the entire judgment; and largely on the authority of Morgan v. Graham, 10 Cir., 228 F.2d 625, 54 A.L.

R.2d 1290, this Court concludes that the plaintiff is entitled to interest only on that part of the original judgment for which the defendant company was liable.

For the foregoing reasons it is my opinion that the plaintiff is entitled to recover judgment against the defendant in the sum of $3,356.10 and costs.

It is so ordered.